1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10

11  STEVEN LIVADITIS,              )   CASE NO. CV 96-2833 RMT
12        Petitioner,               )   **DEATH PENALTY CASE**
13        v.                        )   PROTECTIVE ORDER
14  ROBERT K. WONG, Warden,         )
    California State Prison at San  )
15  Quentin,                        )
16        Respondent.               )
17  _____  )

18      After considering the parties' arguments and proposed orders, the Court
19  enters the following protective order:
20      All information that is subject to the attorney-client and/or work product
21  privileges, including but not limited to materials in trial counsel's file, and the
22  deposition transcript of trial counsel and/or petitioner, produced during the course
23  of the litigation of this matter, including claims of ineffective assistance of counsel,
24  shall be subject to the following protection:
25      1.   Said materials may be used by respondent for the sole purpose of
26  litigating the instant federal habeas corpus case, and may not be used against
27  petitioner for any other purpose, specifically including any criminal retrial that
28  might occur;

1  2. Respondent shall not disclose any of the materials or their contents to any person or entity outside of the California Department of Justice, excluding any expert consultants/witnesses retained by a party for the express purpose of assisting in the resolution and adjudication of the claim or claims, the assertion of which compelled the limited waiver in the first place. Respondent shall not disclose any protected materials or their contents to any other person or entity, including law enforcement personnel not employed by the California Department of Justice, without the express permission of counsel for petitioner or an order from this Court;

  3. Material covered by this protective order will be filed under seal, and the courtroom will be closed to the public for any portion of the evidentiary hearing that would disclose material covered by the protective order.

  4. When the Court rules on petitioner's habeas claims, it must balance petitioner's needs to maintain the confidentiality of privileged material against the public's right of access to the courts. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting "the strong presumption in favor of access to court records"); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (mentioning the right of access the public has to inspect judicial records and documents). While the public's common law right of access "can be overridden given sufficiently compelling reasons for doing so," *Foltz*, 447 at 1135, the Court must take "the public interest in understanding the judicial process," *id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995), into account when issuing dispositive orders. *Kamakana*, 447 F.3d at 1179–80 (discussing the different operation of the public right of access to dispositive motions and related materials as compared to non–dispositive materials). The Court must explain its reasons publicly when it rules on petitioner's federal habeas petition. *See Kamakana*, 447 F.3d at 1178 ("[T]he strong presumption of access to judicial records applies fully to dispositive pleadings . . . ."). In doing so, the Court

will not disclose confidential material unnecessarily.  *Cf. Anderson v. Calderon*, 232 F.3d 1052 (9th Cir. 2000) (declining to quote from record of sealed hearing), *overruled on other grounds by Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003) (en banc).  At this stage, however, it is impossible to estimate the extent to which the Court will need to discuss privileged material in future orders.  The Court will give the parties an opportunity to be heard before issuing orders that publicly discuss material falling within this protective order.

    5.    This order shall continue in effect after the conclusion of these habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portions of petitioner's underlying criminal case in Los Angeles County Superior Court case number A095327.  Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

    IT IS SO ORDERED.

Dated: July 15, 2009.

                                                    ROBERT M. TAKASUGI
                                                  United States District Judge